UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J.R. ROSE,
     Plaintiff,

vs

RUPERT RUPPERT,
     Defendant.

Case No. 1:14-cv-269

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

     Plaintiff, an inmate currently incarcerated at the Chillicothe Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Judge Rupert Ruppert. (Doc. 1.) By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

     In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint plaintiff alleges that he "consented to place [his] assets for remedy and relief to the partners of United Investments." (Doc. 1, Complaint p. 3.) Plaintiff claims that the

2

Butler County Common Pleas Court erroneously assigned defendant Judge Ruppert, a Franklin, Ohio municipal court judge in Warren County, to manage and distribute assets in July of 2007. According to plaintiff, the receiver of the assets was provided with his business records, including check registers to copy and return. Plaintiff alleges that the receiver has refused to return his records, resulting in a federal and state tax demand of seventeen million and one hundred and twenty thousand dollars, respectively. He claims the receiver "has sold assets far below their value, allowed properties to be foreclosed, and paid fraudulent claims in excess of $8 million dollars." (*Id.*)

For relief, plaintiff seeks the immediate return of his records and cash registers, a listing of all partners who have been paid and the amounts, and the return of the seven million dollars placed into an escrow account. (*Id.* at 4.)

Plaintiff fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction on the basis of diversity of citizenship. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiff and defendant are both Ohio citizens. (Complaint, pp. 1-2). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). In this case, plaintiff has not cited, nor can the undersigned discern from the facts alleged in the complaint, any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir.2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir.1991) (quoting *Vicory,* 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving me inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate.  Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim.  *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir.1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| J.R. ROSE,<br>    Plaintiff, | Case No. 1:14-cv-269 |
| vs | Dlott, J.<br>Bowman, M.J. |
| RUPERT RUPPERT,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).